**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 13-009569 EAG |
| OSCAR TORRES LUGO and<br>ADA RUIZ TORRES, | CHAPTER 13 |
| DEBTORS.<br>_____ | FILED & ENTERED ON 12/19/2016 |

**OPINION AND ORDER**

The debtors move to avoid a judicial lien on their home. The lienholders oppose. For the reasons below, the motion to avoid the lien is granted.

**I. Jurisdiction.**

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).[1]

**II. Procedural Background.**

On November 15, 2013, the debtors filed a petition for relief under chapter 7 of the Bankruptcy Code. [Dkt. No. 1.] In the schedules they exempted under Puerto Rico law their homestead in the amount of $73,800.00. [Dkt. No. 8 at p. 16.] No one was listed in the schedule

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

of secured creditors. [Id. at p. 17.] One of the lienholders and his attorney were included in the schedule of unsecured creditors. [Id. at p. 19.] The debtors moved to convert the case to chapter 13 on January 2, 2014. [Dkt. No. 16.] On February 11, 2014, the court entered an order granting the motion to convert. [Dkt. No. 20.]

The debtors filed on February 24, 2014 a chapter 13 plan with no secured claim. [Dkt. No. 30.] On March 5, 2014, the debtors filed an adversary complaint against the lienholders, Kenny Rodriguez and Frudlly Rodriguez, to avoid the judicial lien. [Dkt. No. 33.] On March 13, 2014, the debtors amended their plan to provide for the avoidance of the judicial lien. [Dkt. No. 38.] The debtors amended schedule C on March 13, 2014 to adjust the claimed homestead exemption to $48,800.00. [Dkt. No. 39 at p. 12.] The debtors also amended schedule D to list as disputed the debt owed to Kenny Rodriguez. [Id. at p. 13.] On January 23, 2015, the debtor amended schedule D to clarify that Kenny Rodriguez should read: Kenny Rodriguez and Frudlly Rodriguez a/k/a Fronyline Rodriguez. [Dkt. No. 70.] At a hearing held on September 22, 2015, the debtors requested in open court the dismissal of the adversary proceeding. [Dkt. No. 90.] The court granted the request. [Dkt. No. 91.]

On November 23, 2015, the debtors amended again schedule C to increase the exemption on their homestead to $82,000.00. [Dkt. No. 94 at p. 2.] On November 24, 2015, the debtor filed a motion to avoid the judicial lien under Bankruptcy Rule 4003(d).[2] [Dkt. No. 96.] The lienholders opposed on January 13, 2016. [Dkt. No. 105.] On January 18, 2016, the debtors amended yet again schedule C to claim the full homestead exemption and responded to the lienholders' opposition. [Dkt. Nos. 106 & 107.]

---

[2] Bankruptcy Rule 4003(d) provides that a proceeding to avoid a lien under section 522(f) must be made by motion in accordance with Bankruptcy Rule 9014. Bankruptcy Rule 9014 governs contested matters.

At a hearing held on January 20, 2016, the parties announced that they had settled this contested matter, and were given 28 days to file a proposed draft of order. [Dkt. Nos. 109 & 110.] On March 1, 2016, the debtors filed a draft order directed to the Registrar of the Property to modify the judicial lien. [Dkt. No. 115.] The lienholders opposed the draft order on April 5, 2016. [Dkt. No. 120.] On April 22, 2016, the debtors replied to the opposition. [Dkt. No. 124.] At a hearing held on May 11, 2016, the parties argued their respective positions as to the motion to avoid the judicial lien. [Dkt. No. 129.] At a confirmation hearing held on September 6, 2016, the parties agreed to uncontested facts material to the resolution of the motion to avoid judicial lien. [Dkt. Nos. 135 & 136.]

### III. Uncontested facts.

The material facts are undisputed. The debtors filed a petition for relief under chapter 7 of the Bankruptcy Code on November 15, 2013. [Dkt. No. 1.] They then filed a notice to convert their case to chapter 13 on January 2, 2014, and the case converted on February 11, 2014. [Dkt. Nos. 16 & 20.]

The debtors own a residential property located at "Proyecto UM-16," in Guayanilla, Puerto Rico; recorded as property number 2,910 in the Property Registry, Ponce Section, at page 285 of volume 91 of Guayanilla. [Dkt. No. 96.] No mortgage encumbers the property. [Dkt. Nos. 135 & 136.] The lienholders, Kenny and Frudlly Rodriguez, built a wooden structure on top of the house that sits on the property. [Id.]

The property is encumbered by a judgment lien in the amount of $25,000.00 in favor of Mr. and Mrs. Rodriguez. [Dkt. No. 96] The $25,000 lien resulted from a pre-petition judgment approving a stipulation reached by the parties in state court. [Dkt. Nos. 135 & 136.]

In amended schedule C, each of the debtors claimed a homestead exemption in the property in the amount of $41,000.00 pursuant to the Puerto Rico Homestead Protection Act of 2011. [Docket No. 106.] As per the amended schedules, the property is worth $82,000. [Id.] Amended schedules C, at docket number 106, has not been objected to. [Dkt. Nos. 135 & 136.]

**IV. Applicable Law and Discussion.**

Section 522(b) of the Bankruptcy Code permits an individual debtor to exempt qualifying property from the bankruptcy estate. Section 522(f)(1)(A) permits a debtor to avoid a judicial lien to the extent that it impairs an exemption to which the debtor would have been entitled under section 522(b).

The Bankruptcy Code expressly provides a formula for when an exemption is impaired in section 522(f)(2)(A): a lien is considered to impair an exemption to the extent that the sum of "(i) the lien; (ii) all other liens on the property, and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C. § 522(f)(2)(A).

The Bankruptcy Appellate Panel for the First Circuit has held that a debtor may only avoid a lien to the extent it impairs his or her exemption. In re Pagnini, 433 B.R. 455, 459 (B.A.P. 1st Cir. 2010). In this case, it is uncontested that: (i) a $25,000.00 judicial lien in favor the lienholders was recorded on the debtors' residential property; (ii) the debtors have requested a homestead exemption in the amount of $82,000.00 over their residence under the Puerto Rico Homestead Protection Act of 2011 (P.R. Laws Ann. tit. 31, §§ 1858-1858k); and (iii) no objection to the claimed homestead exemption has been filed. Applying the formula provided by section 522(f)(2)(A), the sum of the amounts of the judicial lien ($25,000.00) and

the claimed exemption ($82,000.00) exceed the value that the debtors' interest in the property would have if there were no judicial lien ($82,000.00). As a result, the judicial lien impairs the debtors' exemptions and, therefore, is avoidable under section 522(f).

But, the avoidance of the judicial lien does not nullify the underlying state court judgment. The lienholders retain their possessory rights over the wooden structure under Puerto Rico law. Ramos Mimoso v. Pueblo, 70 P.R. Dec. 619, 626 (1949) (A person who builds in good faith on another's land is entitled, as a prerequisite to the delivery of the land, to payment of the cost of the materials used in the construction as well as labor cost.).

### IV. Conclusion

For the reasons stated herein, the court determines that the judicial lien impairs the debtor's homestead exemption under the Puerto Rico Homestead Protection Act of 2011 and may be avoided under 11 U.S.C. § 522(f)(1). As such, the debtors' motion to avoid judicial lien under Bankruptcy Rule 4003(d) [at docket number 96] is granted.

The debtors are ordered to submit within 14 days a draft of order for the Registrar of the Property to cancel the $25,000.00 judicial lien in accordance with this opinion and order.

SO ORDERED.

In Ponce, Puerto Rico, this 19th day of December, 2016.

Edward A. Godoy
U.S. Bankruptcy Judge